IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEFFREY RUHE,

    Plaintiff,

v.                                                                           No. 15-cv-0374 SMV

CAROLYN W. COLVIN,
Acting Commissioner of Social Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 20] ("Motion"), filed on January 28, 2016. The Commissioner responded on April 25, 2016. [Doc. 24]. Plaintiff replied on May 9, 2016. [Doc. 25]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 10]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that Defendant failed to apply the correct legal standard in evaluating the opinions of psychiatrist Dr. Gomez and psychologist Dr. Gray. Accordingly, the Motion will be granted, and the case will be remanded for further proceedings. *See* 42 U.S.C. § 405(g) (sentence four).

**Standard of Review**

    The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of*

*Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)).  If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision to deny benefits stands and the plaintiff is not entitled to relief.  *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  A court should meticulously review the entire record but may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner.  *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760.  The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214.  While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

A court's review is limited to the Commissioner's final decision. 42 U.S.C. § 405(g). Generally, the Commissioner's final decision is that of the administrative law judge ("ALJ"), but in some cases, it is that of the Appeals Council. *Williams v. Bowen*, 844 F.2d 748, 749 (10th Cir. 1988). Where the Appeals Council has modified the ALJ's decision, the Appeals Council's decision is the final decision of the Commissioner, *White v. Schweiker*, 725 F.2d 91, 94 (10th Cir. 1984), regardless of whether the Appeals Council officially granted or denied review, *McDaniel v. Sullivan*, No. 91-5188, 1992 U.S. App. LEXIS 18471, at *4 (10th Cir. July 31, 1992) (unpublished) (citing *Williams v. Bowen*, 844 F.2d 748, 749 (10th Cir. 1988)). However, if the Appeals Council denies review and does not modify the ALJ's decision, the ALJ's decision becomes the Commissioner's final decision, and the district court reviews the ALJ's decision. *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994) (citing 20 C.F.R. § 404.981).

Additionally, the Tenth Circuit Court of Appeals has held that in some situations, a district court must review the ALJ's decision but also consider evidence beyond that which was considered by the ALJ. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207–08 (10th Cir. 2006); *O'Dell*, 44 F.3d at 859. Pursuant to 20 C.F.R. §§ 404.970(b) and 416.1470(b), any new and material evidence that relates to the period on or before the date of the ALJ's decision must be considered by the Appeals Council in determining whether to review the ALJ's decision.

Because a court reviews the final decision based on "the record as a whole," it considers the evidence that was before the ALJ as well as the new and material evidence that was before the Appeals Council. *O'Dell*, 44 F.3d at 858 (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). Considering all of the evidence in the administrative record, a court decides whether the ALJ's findings were supported by substantial evidence and whether the correct legal standards were applied. *Martinez*, 444 F.3d at 1204. Accordingly, here, the Court reviews the ALJ's decision (not the Appeals Council's denial of review) considering the entire record, including the opinions of Dr. Gomez and Dr. Gray, which were submitted to the Appeals Council after the ALJ issued her decision. *See* Tr. 635–37, 640–43.

### Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).

In light of this definition for disability, a five-step sequential evaluation process has been established for evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the SEP, the claimant has the burden to show that: (1) he is not engaged in "substantial gainful activity"; and (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) his impairment(s) either meet or

medically equal one of the "Listings"[1] of presumptively disabling impairments; or (4) he is unable to perform his "past relevant work."  20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience.  *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on August 10, 2011.  Tr. 17.  He alleged a disability-onset date of June 30, 2008.  *Id.*  His claims were denied initially and on reconsideration.  *Id.*  Plaintiff requested a hearing before an ALJ.  *Id.*  ALJ Donna Montano held a hearing on August 20, 2013, in Albuquerque, New Mexico.  *Id.*  Plaintiff appeared in person with his attorney.  Tr. 17, 29.  The ALJ heard testimony from Plaintiff and from an impartial vocational expert ("VE"), Sandra Trost.  Tr. 17, 29–58.

The ALJ issued her unfavorable decision on January 9, 2014.  Tr. 26.  Preliminarily, she found that Plaintiff met the insured status requirements through March 31, 2013.  Tr. 19.  At step one of the sequential evaluation process, she found that Plaintiff had not engaged in substantial gainful activity since the alleged disability-onset date.  *Id.*  Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two.  *Id.*  There, she found that Plaintiff suffered from the following severe impairments: "alcohol

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

abuse in partial remission, polysubstance abuse in remission, cervical strain, thoracic strain, lumbrosacral strain[,] and fibromyalgia[.]" Tr. 19–20.  Relying on an opinion by one-time consultative psychologist Dr. Wynne, the ALJ found that Plaintiff's mood disorder did not cause more than minimal limitation on his ability to perform basic mental work activities and, thus, did not qualify as severe at step two.  *Id.* (citing Tr. 293).  At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing.  *Id.*

Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC.  Tr. 21–24.  The ALJ found that

> [Plaintiff] has the [RFC] to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b), which consists of lifting and carrying up to 20 pounds occasionally and 10 pounds frequently.  He is limited to occasional climbing, balancing, stopping, kneeling, and crouching.  He should avoid concentrated exposure to heights, hazards[,] and moving machinery.

Tr. 21.  At step four, the ALJ found that Plaintiff could not perform any past relevant work.  Tr. 24–25.  At step five, the ALJ found that, based on Plaintiff's RFC, age, education, and work experience and the testimony of the VE, Plaintiff could perform work that exists in significant numbers in the national economy.  Tr. 25–26.  Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and she denied the claims.  Tr. 26.

After the ALJ denied the claims, Plaintiff submitted medical opinions by psychiatrist Dr. Gomez and psychologist Dr. Gray to the Appeals Council.  Tr. 1–2, 4; *see* Tr. 635–37,

640−43.  The Appeals Council accepted the evidence and made it part of the record.  *Id.*  The Appeals Council found that it "[did] not provide a basis for changing the [ALJ]'s decision." Tr. 2.  No further reasoning or analysis was provided.  *See* Tr. 1–4.  Remaining unpersuaded, the Appeals Council denied Plaintiff's request for review on March 13, 2015.  Tr. 1−4.  Plaintiff timely filed the instant action on May 4, 2015.  [Doc. 1].

## Analysis

Considering all of the evidence in the administrative record—including the opinions of Dr. Gomez and Dr. Gray—the Court finds that the absence of any discussion explaining the rejection of Dr. Gomez's and Dr. Gray's opinions constitutes legal error.  Therefore, the case will be remanded.  The Court will not address the other errors alleged by Plaintiff at this time because they may be rendered moot by proper evaluation (i.e., sufficient discussion) of Dr. Gomez's and Dr. Gray's opinions.

As explained above, this Court reviews the Commissioner's final decision, which in this case is the ALJ's decision.  Although ALJs are not required to discuss every piece of evidence, they are required to discuss the weight assigned to each medical source opinion.  *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)).  Such discussion is necessary to allow the court to follow (and review) the adjudicator's reasoning.  *Id.* at 1166.  However, the failure to discuss a medical source opinion could constitute harmless error if, considering the source opinion, no reasonable factfinder could have resolved the factual matter in any other way.  *See Allen v. Barnhart*, 357 F.3d 1140,

1145 (10th Cir. 2004) (explaining the harmless error standard when applied in social security cases).

It is undisputed in this case that neither the ALJ nor the Appeals Council provided an analysis of the medical source opinions of Dr. Gomez and Dr. Gray.[2]  Obviously, the ALJ did not provide any analysis, as the opinions were not before her.  Accordingly, Plaintiff argues that the Appeals Council was required to "expressly evaluate the medical opinions." [Doc. 20] at 11 (citing §§ 404.1572(e)(3), 416.927(e)(3) ("When the Appeals Council makes a decision, it will follow the same rules for considering opinion evidence as administrative law judges follow.")). Defendant counters that the Appeals Council is not required to articulate its reasons for declining review of an ALJ's decision.  [Doc. 24] at 12 n.4 (citing *Martinez*, 444 F.3d at 1207−08 (10th Cir. 2006); *Lynn v. Colvin*, 637 F. App'x 495, 497–49 (10th Cir. 2016)); *but see Stills v. Astrue*, 476 F. App'x 159 162 (10th Cir. 2012) (holding that it does "not appear to be settled in this circuit" whether a treating physician analysis is legally required when a treating physician's opinion is submitted to and accepted by the Appeals Council but the Appeals Council denies review).  On this point, the Court agrees with Defendant.

The Appeals Council is only required to provide discussion of a medical opinion when it "makes a decision."  §§ 404.1572(e)(3), 416.927(e)(3)).  Although it seems counterintuitive, denying review does not constitute "mak[ing] a decision."  *Meyer v. Astrue*, 662 F.3d 700, 705

---

[2] Plaintiff characterizes these providers as "treating" providers. [Doc. 20] at 2, 10.  However, Plaintiff points to no evidence (e.g., treatment records) to support this characterization.  Defendant neither adopts the characterization, nor expressly disputes it. [Doc. 24] at 4, 11–13.  Whether they are "treating" providers or not, the result is the same.  Some findings about the weight assigned to the opinions was required.  *See Keyes-Zachary,* 695 F.3d at 1161 (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)) (internal citations omitted) ("It is the ALJ's duty to give consideration to all the medical opinions in the record.  He must also discuss the weight he assigns to such opinions.").

(4th Cir. 2011). The Appeals Council only "makes a decision" when it *grants* review. *Id.* (citing 20 C.F.R. § 404.967 (explaining that the Appeals Council "issues a decision" only after it grants review)). Here, because the Appeals Council denied Plaintiff's request for review, Tr. 1, it did not make a decision and, thus, was not required to explain itself. *See Martinez*, 444 F.3d at 1208 ("[The plaintiff] points to nothing in the statues or regulations that would require [the Appeals Council to provide an] analysis where new evidence is submitted and the Appeals Council denies review."). However, that is not the end of the story. The Court must still review the entire record to determine whether the correct legal standards were applied and whether the ALJ's decision is supported by substantial evidence. *See Martinez*, 444 F.3d at 1208.

The correct legal standard was not applied to the evaluation of Dr. Gomez's and Dr. Gray's opinions. Their opinions are more restrictive than the RFC adopted by the ALJ. *Compare* Tr. 635–36, 637–38 (Dr. Gray's opinion), *and* Tr. 641–43 (Dr. Gomez's opinion), *with* Tr. 21 (ALJ's RFC). They also appear more restrictive than the opinion of the one-time psychological evaluator, Dr. Wynne, which is the only other mental health opinion in the record. *Compare* Tr. 635–36, 637–38 (Dr. Gray's opinion), *and* Tr. 641–43 (Dr. Gomez's opinion), *with* Tr. 291–94 (Dr. Wynne's report). However, there is no discussion in the record about the weight assigned to the opinions of Dr. Gomez and Dr. Gray. Therefore, the Court cannot meaningfully review the apparent rejection of their opinions. The correct legal standard was not applied in evaluating the opinions of Dr. Gomez and Dr. Gray because there is no discussion of their opinions. See *Keyes-Zachary*, 695 F.3d at 1161 (citing 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)).

If the opinions of Dr. Gomez and Dr. Gray were consistent with the ALJ's RFC assessment, then there would be no reversible error. *See Foy v. Barnhart*, 139 F. App'x 39, 44 (10th Cir. 2005) (finding no reversible error where the ALJ's RFC assessment was supported by the record as a whole including a treating source opinion submitted to the Appeals Council). But they are not consistent. A reasonable factfinder could find the opinions of Dr. Gomez and Dr. Gray compelling and, thereby, conclude that Plaintiff was not able to perform the jobs identified by the ALJ. In other words, a reasonable factfinder could determine that the opinions of Dr. Gomez and Dr. Gray undercut the ALJ's decision. The lack of any discussion about why Dr. Gomez's and Dr. Gray's opinions were rejected is not harmless.

## Conclusion

The Court recognizes that this area of law—i.e., how social security appeals are reviewed when new evidence is added to the record by the Appeals Council—is neither straightforward nor intuitive. Thus, the Court has carefully and thoroughly reviewed the relevant authorities. The Appeals Council is not required to make explicit findings regarding new evidence that it adds to the record when it denies review. *Martinez*, 444 F.3d at 1207–08. Nevertheless, in some cases explicit findings may be required for the district court to affirm. The fact that the *Appeals Council* itself is not absolutely required to provide the findings does not eliminate the need for findings somewhere in the record. *Meyer*, 662 F.3d at 707 (remanding for findings on evidence added to the record by the Appeals Council). Regardless of the procedural path to judicial review, this Court must be satisfied that the Commissioner's "final decision" (whether that is the decision of the ALJ or the decision of the Appeals Council,

when it makes one) was supported by substantial evidence and that the correct legal standards were applied.

On the administrative record here, the absence of any discussion explaining the rejection of Dr. Gomez's and Dr. Gray's opinions constitutes legal error. The Court cannot affirm the ALJ's decision with no reviewable discussion of the opinions at all. This case is among a narrow subset of social security appeals requiring express findings on evidence added to the record by the Appeals Council. *See id.*; *Harper v. Astrue*, 428 F. App'x 823, 827 (10th Cir. 2011) (reversing and remanding for express findings on a treating physician's opinion that was added to the record by the Appeals Council). The Appeals Council is not be required to make the findings itself. It may elect to provide them, or it may remand the case to an ALJ to make them. The Court makes no determination about how the findings should be made or who in particular must make them. The case will be remanded. Proper consideration of Dr. Gomez's and Dr. Gray's opinions may render moot the other errors alleged by Plaintiff, and therefore, the Court need not address them at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand [Doc. 20] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
STEPHAN M. VIDMAR
United States Magistrate Judge
Presiding by Consent