# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JEFFREY RUHE,

    Plaintiff,

v.                                                                                                        No. 15-cv-0374 SMV

NANCY A. BERRYHILL,[1]
**Acting Commissioner of Social Security Administration,**

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, with Memorandum in Support [Doc. 29] ("Motion"), filed on November 3, 2016. Briefing is complete. [Docs. 31, 32]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 10]. Plaintiff moves the Court for an award of $5,799.80 in attorney fees. [Doc. 29] at 1. Having reviewed the record, the briefing, and the relevant law, the Court finds that the Motion is well-taken and should be granted. However, the award should be reduced to **$5,787.08**.

## Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income. *See* Tr. 17. An Administrative Law Judge ("ALJ") denied Plaintiff's application on January 9, 2014. Tr. 26. After the ALJ had already issued her unfavorable

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

decision, Plaintiff submitted opinions by treating[2] psychiatrist Dr. Gomez and psychologist Dr. Gray to the Appeals Council and requested review. Tr. 1–2, 4; *see* Tr. 635–37, 640−43. The Appeals Council accepted the evidence and made it part of the record, but denied review. *Id.* Accordingly, this Court was required to review the entire record (including the opinions of Dr. Gomez and Dr. Gray) to determine whether the ALJ's decision had applied the correct legal standards and was supported by substantial evidence. [Doc. 27] at 9 (citing *Martinez v. Barnhart*, 444 F.3d 1201, 1208 (10th Cir. 2006)).

In reviewing the record, the Court found that Dr. Gomez's and Dr. Gray's opinions were more restrictive than the residual functional capacity ("RFC") assessment adopted by the ALJ. *Id. Compare* Tr. 635–36, 637–38 (Dr. Gray's opinion), *and* Tr. 641–43 (Dr. Gomez's opinion), *with* Tr. 21 (ALJ's RFC). The Court further found that Dr. Gomez's and Dr. Gray's opinions appeared more restrictive than the opinion of the one-time psychological evaluator, Dr. Wynne, which was the only other mental health opinion in the record. [Doc. 27] at 9. *Compare* Tr. 635−36, 637–38 (Dr. Gray's opinion), *and* Tr. 641–43 (Dr. Gomez's opinion), *with* Tr. 291−94 (Dr. Wynne's report).

Despite the fact that the treating opinions were more restrictive than the ALJ's RFC assessment, the Commissioner urged the Court to affirm. Her position was that the treating opinions "d[id] not undermine the ALJ's decision." [Doc. 24] at 12 n.4. She cited evidence of record that she believed supported the ALJ's decision. *Id.* at 12. Then, she argued that Dr. Gomez's and Dr. Gray's opinions were "extreme" and "departed from the record." *Id.* Both

---

[2] The Commissioner never disputed Plaintiff's claim that Dr. Gomez and Dr. Gray were treating physicians whose opinions, therefore, were entitled to special deference. *See* [Docs. 24, 31].

2

opinions were expressed on check-box forms. *Id.* She argued that Dr. Gomez's opinion was inconsistent with the "contemporaneous evidence" before the ALJ. *Id.*

The Court was not persuaded that the treating opinions did not undermine the ALJ's decision. If the opinions of Dr. Gomez and Dr. Gray had been consistent with the ALJ's RFC assessment, then the treating opinions, indeed, would not have undermined the ALJ's decision and remand would not have been warranted. [Doc. 27] at 10 (citing *Foy v. Barnhart*, 139 F. App'x 39, 44 (10th Cir. 2005) (finding no reversible error where the ALJ's RFC assessment was supported by the record as a whole including a treating source opinion submitted to the Appeals Council)). But they were not consistent, and in the record as it stood before the Court, there was no discussion about the weight assigned to the opinions of Dr. Gomez and Dr. Gray. Therefore, the Court could not meaningfully review the apparent rejection of their opinions. The Court found that the correct legal standard was not applied in evaluating the opinions of Dr. Gomez and Dr. Gray because there was no discussion of their opinions.[3] *Id.* at 9 (citing *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012); 20 C.F.R. §§ 404.1527(e)(2)(ii), 416.927(e)(2)(ii)). Accordingly, the Court reversed the Commissioner's denial of benefits and remanded the case for further proceedings. *Id.* at 10–11.

## **Analysis**

Plaintiff now requests an award of attorney fees in the amount of $5,799.80 under the Equal Access to Justice Act ("EAJA"). *See* [Doc. 29] at 1; [Doc. 32] at 4. The Commissioner fails to show that her position was substantially justified because her arguments do not address

---

[3] The Court went on to explain why, in this case, the lack of any discussion about the weight of the treating opinions was not harmless. [Doc. 27] at 10.

the position she took in the merits briefing. *See* [Doc. 31] at 2–4. She offers no argument or authority to explain why she was substantially justified in arguing that Dr. Gomez's and Dr. Gray's opinions did not undermine the ALJ's decision. *See id.* However, the amount requested should be reduced because it includes time for non-compensable clerical work. *See id.* at 4−5.

EAJA provides for an award of attorney fees to a plaintiff when: (1) she is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). Here, the parties do not dispute that Plaintiff is a prevailing party or that no special circumstances would make the award unjust. Instead, they disagree about whether the Commissioner's position was substantially justified and whether the fees requested are reasonable. [Docs. 29, 31, 32].

The Commissioner bears the burden of showing that her position was substantially justified. *Hackett*, 475 F.3d at 1172. Her "position" collectively refers to her positions at the administrative level and before the federal courts in a given case. 28 U.S.C. § 2412(d)(2)(D). EAJA fees generally should be awarded if the ALJ's reasons for denying benefits were unreasonable, "even if the government [subsequently] advanced a reasonable litigation position." *Hackett*, 475 F.3d at 1174 (internal quotation marks omitted).

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* at 1172 (quoting *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). Substantial justification is "satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)

(internal quotation marks, citations, and brackets omitted). A district court's remand order does not mean, *ipso facto*, that the Commissioner's position was *not* substantially justified; that is, her "position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (quoting *Pierce*, 487 U.S. at 566).

Similarly, a district court's order affirming a final decision by the Commissioner does not itself mean that the Commissioner's position *was* substantially justified. *Gatson v. Bowen*, 854 F.2d 379, 381 n.1 (10th Cir. 1988). For example, when the agency applies the wrong legal standard, the Commissioner "[cannot] show that h[er] position was substantially justified, either in making the initial legal error or in arguing in the ensuing litigation that there was no error." *Chester v. Apfel*, 1 F. App'x 792, 795 (10th Cir. 2001); *see Gatson*, 854 F.2d at 380–81, 381 n.1 (holding that the Commissioner's position could not be substantially justified where the agency applied an outdated legal standard—despite the district court's initial affirmance).

### The Commissioner fails to show that her position was substantially justified.

In this case, the Commissioner argues that her position was substantially justified. [Doc. 31] at 2–4. She presents two arguments, but neither is on point. First, she argues that "the detailed review of authorities and discussion of the issue contained in the Court's order . . . hinted at a lack of clarity in the law." *Id.* at 3. She reminds the Court that it had explicitly "recognized this area of law—i.e., how social security appeals are reviewed when new evidence is added to the record by the Appeals Council—is neither straightforward nor intuitive." *Id.* at 3–4 (quoting [Doc. 27] at 10 (alterations omitted)). Then, she notes that there was an appeal pending (at the time she filed her response to the motion for attorney fees) in the Tenth Circuit Court of Appeals "on the question of whether the Appeals Council [was] required to make

5

specific factual findings about new evidence when declining review." *Id.* at 4 (citing *Vallejo v. Colvin*, Tenth Circuit No. 15-1283).

This argument misses the point. The reversal and remand here was not about whether the Appeals Council was required to discuss Dr. Gomez's and Dr. Gray's opinions.[7] [Doc. 27] at 8, 9. (It was not.) The Commissioner's final decision was reversed and remanded because it was not supported by substantial evidence and had not applied the correct legal standards, in light of the record as a whole, including Dr. Gomez's and Dr. Gray's opinions. *Id.* at 9–10. Defendant does not offer any argument or authority suggesting that she was substantially justified in arguing otherwise. *Compare* [Doc. 24] at 12 (the Commissioner's argument that Dr. Gomez's and Dr. Gray's opinions did not undermine the ALJ's decision), *with* [Doc. 31] at 2–4 (the Commissioner's arguments on substantial justification). Specifically, she does not argue that she was substantially justified in taking the position that the treating opinions did not undermine the ALJ's decision. Her response to the attorney-fees motion simply does not address the point. *See* [Doc. 31].

The only other argument she offers is that she was substantially justified in defending the ALJ's decision even though it suffered from "articulation deficiencies." *Id.* at 3 (citing two out-of-circuit cases). The Court is not familiar with the phrase "articulation deficiencies" as a term of art and does not find it in any Tenth Circuit case. The Court disagrees that the remand order was based on any deficiency of articulation. Rather, the Court reversed and remanded

---

[7] In fact, the Court agreed with the Commissioner on that point. [Doc. 27] at 8, 9. Although the law was (and is) counterintuitive, it was neither new nor in flux. In agreeing with the Commissioner that the Appeals Council was not required to discuss Dr. Gomez's and Dr. Gray's opinions, the Court relied on *Martinez v. Barnhart*, which had been published more than *ten years* prior. [Doc. 27] at 8, 9 (citing *Martinez*, 445 F.3d at 1204, 1208). When the Tenth Circuit issued its decision in *Vallejo* on February 28, 2017, it also relied on *Martinez*. 849 F.3d 951, 955 (10th Cir. 2017).

6

because, based on the record as a whole, including the new evidence presented to the Appeals Council, the ALJ's decision was not supported by substantial evidence and the correct legal standards had not been applied. [Doc. 27] at 9–11. The Commissioner's arguments do not address her litigation position, which was that the treating opinions did not undermine the ALJ's decision. Without any argument on point, she does not meet her burden to show that her litigation position was substantially justified.

### **The amount of time requested will be reduced by four minutes.**

Plaintiff originally requested $5,799.80 in fees for 30.4 hours of attorney time at $190/hour for work performed in 2015, and $192/hour for work performed in 2016. [Doc. 29-1] at 1–2. The Commissioner argues that the number of hours should be reduced because Plaintiff's counsel has billed for clerical work, which is not compensable under EAJA. [Doc. 31] at 5. Specifically, the Commissioner takes issue with the entries dated March 27 and May 4, 2015, as well as January 28 and May 9, 2016. *Id.* They read:

| DATE | ACTIVITY | TIME |
|---|---|---|
| 3/27/15 | Meeting w/ Client. Review ALJ Decision & Appeals Council Denial & IFP. Federal Court Filing. | 1.50 |
| 5/4/15 | Drafted & Filed Complaint | .50 |
| | . . . . | |
| 1/28/16 | Final Review, proofreading, editing, and filing. | 1.00 |
| | . . . . | |
| 5/9/16 | Final review, proofreading & editing submit for filing | 1.00 |

[Doc. 29-1] at 1–2. Although these entries undisputedly reflect some compensable attorney time, and although the entries total only four hours altogether, the Commissioner estimates that time should be reduced by "at a minimum, three hours" to account for the clerical tasks. [Doc. 31]

7

at 5. Following the Commissioner's suggestion would leave only one hour for all of the work reflected above.

Plaintiff does not dispute that clerical work is not compensable under EAJA, nor does he dispute that filing documents on the Court's electronic record is clerical work. However, Plaintiff states that each instance of electronic filing took only about one minute. [Doc. 32] at 4. That estimation seems reasonable. Accordingly, the Court will reduce the originally requested time by four minutes to account for the clerical tasks and, thus, reduce the amount from $5,799.80 by $12.72[8] to **$5,787.08**.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Doc. 29] is **GRANTED**, and Plaintiff Jeffrey Ruhe is authorized to receive **$5,787.08** for payment to his attorney for services before this Court as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.") (internal quotation marks omitted).

---

[8] Counsel's average hourly rate in 2015 and 2016 is $191/hour. $191 per hour / 60 minutes = $3.18 / minute times 4 minutes = $12.72.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**STEPHAN M. VIDMAR**
　　　　　　　　　　　　　　　　　**United States Magistrate Judge**
　　　　　　　　　　　　　　　　　**Presiding by Consent**