IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JEFFREY RUHE,

   Plaintiff,

v.                                                                          No. 15-cv-0374 SMV

**NANCY A. BERRYHILL,**[1]
**Acting Commissioner of the Social Security Administration,**

   Defendant.

## ORDER GRANTING ATTORNEY FEES UNDER § 406(b)

THIS MATTER is before the Court on Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) and Supporting Memorandum [Doc. 35], filed on July 7, 2017. The motion seeks $6,579.75 in attorney fees for legal services rendered before the Court. *Id*. at 1. The Commissioner responded on July 11, 2017; she does not object to the request for fees. [Doc. 36] at 1. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 10]. Having reviewed the briefs, the record, and the applicable case law and being otherwise fully advised in the premises, I find that the Motion is well-taken and should be granted. Plaintiff should be awarded $6,579.75 in attorney fees.

### Procedural History

The Commissioner denied Plaintiff's application for a period of disability, disability insurance benefits, and supplemental security income. *See* [Doc. 27] at 5. After exhausting his

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

administrative appeals, Plaintiff timely filed an action in this Court on May 4, 2015. [Doc. 1]. Ultimately, the Court reversed the Commissioner's denial of benefits and remanded the case for further proceedings. [Docs. 28, 28]. On remand from this Court, an ALJ issued a final administrative decision fully favorable to Plaintiff on March 15, 2017. Notice of Decision – Fully Favorable [Doc. 35-1] at 1, 6–17. Plaintiff was awarded back benefits totaling approximately $50,319. *See* [Doc. 35] at 4; Notice of Award [Doc. 35-2] at 3. The Commissioner has withheld $12,579.75 to pay for representation before the Administration and before this Court.[2] [Doc. 35-2] at 3.

Plaintiff and his counsel entered into a contingency fee agreement providing that Plaintiff would pay his attorney 25% of any back benefits in exchange for representation in federal court. This fee would be in addition to any fee that Plaintiff had agreed to pay for representation before the Administration. Fee Agreement—Federal Court, [Doc. 35-2] at 10. Plaintiff's counsel has requested $6,579.75 for representation before this Court, which is about 13% of the back benefits awarded. [Doc. 35] at 5. Because the attorney fees at issue here are not paid by the government but, instead, are paid out of Plaintiff's benefits, the Commissioner has no interest in the instant motion for fees. [Doc. 36] at 1. She "generally takes no position on such petitions." *Id.*

---

[2] Under 42 U.S.C. § 406(a), any award of fees for services performed before the Administration is properly a matter for the Administration to decide. This Court awards fees only for services performed here. § 406(b); *Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008).

## **Standard**

A court may award attorney's fees pursuant to 42 U.S.C. § 406(b)(1) where the claimant receives a favorable administrative decision following a remand of the case to the Secretary for further consideration. In relevant part, the statute at issue states:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1). "The tenor of 406(b) is permissive rather than mandatory. It says that the court *may* make such an award, not that such an award *shall* be made." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971). The *Whitehead* court reasoned that "Congress recognized the difference between the mandatory term 'shall' and the permissive term 'may.'" *Id*. Congress used "shall" in 406(a) and "may" in 406(b) where the statute specifically provides that the court is expected to determine whether to allow attorney's fees. *Id*. Traditionally, an award of attorney's fees is a matter within sound discretion of the court. *Id*.

In *Gisbrecht v. Barnhart*, the Supreme Court concluded that § 406(b) was designed by Congress to "control, not displace, fee agreements between Social Security benefit claimants and their counsel." 535 U.S. 789, 792 (2002). Courts should review fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. The statute imposes the 25%-of-past-due-benefits limitation on fees as a ceiling, not as a standard to be used to substantiate reasonableness. *Id*. at 808–09.

Courts have reduced attorney fee "recovery based on the character of the representation and the results the representation achieved." *Id.* at 808. In cases where plaintiffs' attorneys have caused delays or provided substandard representation or if the benefits are large in comparison to the amount of time counsel spent on the case, courts have authorized reduced fees. *Id.*; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) (explaining that "the court should consider the reasonableness of the contingency percentage to make sure the attorney does not receive fees which are out of proportion to the services performed, the risk of loss and the other relevant considerations"). Ultimately, plaintiffs' attorneys have the burden of showing that the fee sought is reasonable. *Gisbrecht*, 535 U.S. at 808. "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807.

## **Analysis**

First, the Court must determine if the Fee Agreement meets § 406(b)(1) guidelines. In relevant part, the Fee Agreement reads:

> FEE AGREEMENT—FEDERAL COURT
>
> . . . . If I am awarded benefits in federal court or if I am awarded benefits by the Social Security Administration following a remand ordered by [the] federal court in my case in which my attorney represented me, I agree to pay my attorney twenty-five percent (25%) of my and my family's past-due benefits. . . .
>
> . . . .
>
> This agreement is in addition to any previous fee agreement I have signed with my attorney for representation before the Social Security Administration. . . .

[Doc. 35-2] at 10.  Thus, the Fee Agreement meets § 406(b)(1)'s guideline of not exceeding 25% of the past-due benefits.

Second, the Court must review contingent fee agreements such as these "to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807.  Plaintiff's counsel has the burden of demonstrating that his request for fees is reasonable under the circumstances.  *Id*.  The reasonableness determination is "based on the character of the representation and the results the representation achieved." *Id*. at 808.  Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in resolution of the case; and (3) whether the contingency fee is disproportionately large in comparison to the amount of time spent on the case. *Id*.

Having reviewed the particular facts of this case in light of the *Gisbrecht* factors, I find that Plaintiff's counsel has shown that $6,579.75 is reasonable for his representation of Plaintiff before this Court.  Counsel has ably represented Plaintiff before this Court, totaling 30.4 hours of attorney time.  [Doc. 35-2] at 7–8.  Counsel's representation was more than adequate; the results achieved were excellent.  *See* [Doc. 27].  Next, the Court finds that Plaintiff's counsel was not responsible for any appreciable delay in resolution of the case.

Finally, the Court finds that the award would not be disproportionately large in comparison to the amount of time spent on the case (30.4 hours).  *See* Affidavit of Michael Armstrong [Doc. 35-2] at 7–9.  It would equate to an effective hourly rate of $216.44.

Considering counsel's experience and his performance in this case, the Court finds the rate to be reasonable.[3]

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Plaintiff's Motion for Order Authorizing Attorney Fees Pursuant to 42 U.S.C. § 406(b) [Doc. 35] is **GRANTED.** Counsel is awarded **$6,579.75** in attorney fees pursuant to 42 U.S.C. § 406(b)(1) for representing Plaintiff before this Court.[4]

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

---

[3] *See generally Grunseich v. Barnhart*, 439 F. Supp. 2d 1032, 1035 (C.D. Cal. 2006) (approving attorney's fees of $600 per hour); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365–66 (N.D. Ga. 2005) (approving attorney's fees at an effective rate of $643 per hour).

[4] This Court previously awarded $5,787.08 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [Doc. 34] at 1. As counsel acknowledges, he is required to refund the smaller of the EAJA award (or, if applicable, whatever portion of the EAJA award not subject to offset under the Treasury Offset Program) or this § 406(b) award to Plaintiff in accordance with *Gisbrecht*, 535 U.S. at 796. [Doc. 35] at 2. In this case, the entire amount of the EAJA award was subject to offset under the Treasury Offset Program. *Id.*; [Doc.35-2] at 14. Neither Plaintiff nor his attorney every received the money. Accordingly, Plaintiff's counsel is not required to refund the EAJA award to Plaintiff. *See, e.g., Raney v. Colvin,* No. CIV-10-399-FHS-SPS, 2015 WL 588829, *2, n.2 (E.D. Okla. Feb.11, 2015) (unpublished) (finding that counsel was not required to refund the EAJA attorney fee award to Plaintiff when that award was applied to offset Plaintiff's debt on a child support obligation).